UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-22465-CIV-MARTINEZ-BECERRA

JOSEPH C. ISSRAIL BADRA, *et al.*,

    Plaintiffs,

v.

UR M. JADDOU, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for an Report and Recommendation ("R&R") on Plaintiffs' Expedited Motion for Preliminary Injunction, (ECF No. 4), and on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or in the Alternative, for Failure to State a Claim, (ECF No. 11 & 12).[1] Judge Becerra filed an R&R recommending that the Motion to Dismiss be granted and that Plaintiffs' Motion for Preliminary Injunction be denied as moot. (ECF No. 23 at 2, 14). Specifically, the R&R concluded that in light of the U.S. Supreme Court's decision in *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022), the Court lacked subject-matter jurisdiction to review the decision by the United States Citizenship and Immigration Services ("USCIS") to deny Plaintiffs' application for adjustment of status. (*Id.* at 10–14). Because the Court lacks subject-matter jurisdiction, Judge Becerra recommended the Court deny as moot Plaintiffs' Motion for Preliminary Injunction. (*Id.* at 14). But the R&R did suggest that Plaintiffs would have satisfied

---

[1] Defendants filed their Motion to Dismiss twice, presumably, through inadvertence.

the requirements for a preliminary injunction if the Court had jurisdiction to grant the relief requested. (*Id.* at 14 n.5).

The R&R accurately sets forth the facts so there is no need to repeat them again in detail. In sum, the Plaintiffs are a Venezuelan family who entered this country legally in 2017 on a B-2 immigrant visa. Before that visa expired, they applied for asylum. USCIS notified the family that they could remain in the United States until their application was decided. Over four years later, and that asylum application remains pending. In the meantime, the Secretary of Homeland Security designated Venezuela for Temporary Protected States ("TPS"), which the family applied and were approved for in 2022.

Then, luck struck. The family won the 2022 Diversity Visa Lottery. In response, they applied for adjustment of status to obtain lawful permanent resident status. Not so lucky, as it turns out, because USCIS denied the family's application. USCIS concluded that under 8 U.S.C. § 1255, Plaintiffs were not entitled to an adjustment of status because they "failed (other than through no fault of [their] own or for technical reasons) to maintain continuously a lawful status since entry into the United States." *See* 8 U.S.C. § 1255(c)(2). The family concedes that even though they are in this country legally due to their pending asylum application, they have not maintained "lawful status" since entry into the United States. Instead, they argue that they are excused from doing so because their failure to maintain lawful status was "through no fault of [their] own or for technical reasons."

Whether or not USCIS's decision is legally correct is not for this Court to say, unfortunately. The Administrative Procedure Act ("APA") permits judicial review of non-discretionary final agency action, but only where such review is not otherwise precluded by statute. *See* 5 U.S.C. § 701(a); *id.* § 702. Under § 1252(a)(2)(B), "regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . .

any judgment regarding the granting of relief under section . . . 1255." Before *Patel*, courts interpreted § 1252(a)(2)(B) to leave open the opportunity for judicial review of non-discretionary adjustment-of-status eligibility determinations. *See Patel v. United States AG*, 971 F.3d 1258, 1278 n.22 (11th Cir. 2020) (collecting cases). In *Patel*, the U.S. Supreme Court receded from that precedent when it interpreted 8 U.S.C. § 1252(a)(2)(B) to preclude review of any judgment, defined as "any authoritative decision," regarding the granting of relief under § 1255. *Patel*, 142 S. Ct. at 1621–22. Under *Patel*, "any authoritative decision" "encompasses any and all decisions relating to the granting or denying" of discretionary relief. *Id.* at 1221 (citation omitted).

Although the U.S. Supreme Court decided *Patel* in the context of removal proceedings, it acknowledged that its decision could mean "USCIS decisions will be wholly insulated from judicial review." 142 S. Ct. at 1626. When a final order is entered in removal proceedings, the appropriate court of appeals on a petition for review may still consider "constitution claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). This avenue of review is only available, however, in the removal context. *See Patel*, 142 S. Ct. at 1626. But the Plaintiffs are not in removal proceedings. So, in applying *Patel*'s definition of judgment here, there is no door to judicial review. *Patel* recognized how "it is possible that Congress did, in fact, intend to close that door." 142 S. Ct. at 1626–27. Referring to past precedent, *Patel* stated that it had previously "extended the jurisdictional bar to judgments made outside of removal proceedings at the same time they preserved review of legal and constitutional questions made within removal proceedings." *Id.* It also commented that "foreclosing judicial review unless and until removal proceedings are initiated would be consisted with Congress' choice to reduce procedural protections in the context of discretionary relief." *Id.* While dicta, the Court cannot ignore this latest guidance from the U.S. Supreme Court, which affirms the opinion below from the Eleventh Circuit.

In their Objections, Plaintiff raise arguments already squarely considered and addressed in the R&R. (ECF No. 24). Indeed, they re-raise a statutory interpretation argument set forth by the Government in its response brief on writ of certiorari in *Patel*. (*Id.* at 5). Relatedly, Plaintiffs argue that *Clark v. Martinez*, 543 U.S. 371 (2005) compels the Court to construe § 1252(a)(2)(B)(i) as permitting judicial review of constitutional claims and questions of law not only by the appropriate circuit court of appeals, but also by the district court. (*Id.* at 7). The reasoning in *Clark* does not apply here, and to interpret § 1252(a)(2)(B)(i) as Plaintiffs demand would contradict the plain language of the statute. The Court also rejects Plaintiffs' argument, as others have in this District, that there is a strong presumption in favor of judicial review, because this presumption "is predicated on the pre-*Patel* understanding that district courts had jurisdiction under the APA to review non-discretionary adjustment-of-status eligibility determinations." *Bonilla v. Stulz*, No. 20-cv-21428, 2020 U.S. Dist. LEXIS 230680, at *9 (S.D. Fla. Dec. 7, 2020). The Court overrules Plaintiffs' objections.

After careful consideration, it is hereby **ADJUDGED** that Judge Becerra's R&R, (ECF No. 23), is **AFFIRMED** and **ADOPTED**. Further, it is:

**ADJUDGED** that Defendant's Motion for Dismiss, (ECF Nos. 11 & 12), is **GRANTED** as set forth in the R&R, and Plaintiffs' Expedited Motion for Preliminary Injunction, (ECF No. 4), is **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 21 day of September, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record